**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| **PERCY LEE ADAMS, JR.** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 08-593 (PGS)** |
| | : | |
| **v.** | : | |
| | : | |
| **WILLIAM OELS, III, et al.** | : | |
| | : | |
| | : | **OPINION AND ORDER** |
| **Defendants.** | : | |
| _____ | : | |

### I.  INTRODUCTION

Before this Court is Plaintiff Percy Lee Adams, Jr.'s ("Plaintiff") unopposed application

for appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1).  (Docket Entry # 1).

For the reasons set forth below, Plaintiff's application is **GRANTED**.

### II.  BACKGROUND

On January 30, 2008, Plaintiff filed a Complaint in the United States District Court for

the District of New Jersey.  Pursuant to the Complaint, Plaintiff's request to proceed *in forma*

*pauperis* ("IFP") was granted.  Plaintiff alleges violations of his constitutional rights arising out

of his arrest for possession of cocaine and heroin with intention to distribute such narcotics.

Plaintiff alleges that the arresting officers violated his civil rights and the Fourth and Fourteenth

Amendments by conducting an illegal search and seizure.  In conjunction with the filing of his

Complaint, Plaintiff filed the application for the appointment of *pro bono* counsel that is now

before this Court.

## III.  DISCUSSION

**A.     Legal Standard**

A civil litigant does not enjoy a constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997)).  While Congress has empowered district courts to "request" counsel for civil litigants, they cannot "require" an unwilling attorney to serve as counsel.  *Id.* (citing 28 U.S.C. § 1915(e)(1)); *see also Christy v. Robinson*, 216 F. Supp. 2d 398, 406, n.16 (D.N.J. 2002) (citing Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 301 (1989)).  District courts retain broad discretion in considering applications to appoint counsel pursuant to 28 U.S.C. § 1915.  *Montgomery*, 294 F.3d at 498 (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)).

When exercising its discretion under § 1915, this Court must follow the analytical framework set forth in the trilogy of Third Circuit decisions beginning with *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  *See also Parham*, 126 F.3d 454; *Montgomery*, 294 F.3d at 498.  Said framework begins with a threshold assessment of the merit of the claimant's case.  *Montgomery*, 294 F.3d at 499.  After finding " some arguable merit in fact and law," district courts in the Third Circuit must weigh a litany of factors known as the *Tabron* post-threshold factors.  *Id.* at 500.  These factors – designed to ensure that courts do not appoint counsel in frivolous cases – include:

> (1) the plaintiff's ability to present his case;
> (2) the difficulty of the particular legal issues;
> (3) the degree to which factual investigation will be necessary and
> the ability of the plaintiff to pursue an investigation;

(4) the extent to which a case is likely to turn on credibility determinations;
(5) whether the case will require testimony from expert witnesses; and
(6) the plaintiff's capacity to retain counsel on his own behalf.

*Id*. (citing *Tabron*, 6 F.3d at 155-57); *see also Parham*, 126 F.3d at 461 ("The *Tabron* factors will ensure that courts do not appoint counsel to frivolous cases").

When weighing the *Tabron* post-threshold factors, district courts must remain mindful of certain overriding considerations.  First, the list is not exhaustive.  *Montgomery*, 294 F.3d at 499 (citing *Parham*, 126 F.3d at 457 ("this list of factors is not exhaustive, but should serve as a guidepost for the district courts")).   Next, "where a plaintiff's case appears to have merit and most of the aforementioned factors have been met, courts should make every attempt to obtain counsel."  *Parham*, 126 F.3d at 461.  Third, district courts "should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."  *Montgomery*, 294 F.3d at 499 (citing *Parham*, 126 F.3d at 458).

**B.    Analysis**

**1.    Threshold Analysis**

At the outset, this Court must assess Plaintiff's case and determine whether or not it has, "some arguable merit in fact and law."  *Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155); *Parham*, 126 F.3d at 457.  To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements: first, he or she must allege that the complained of conduct was committed by a person acting under color of state law, and, next, the plaintiff must show that as a result of such conduct, he or she was deprived of rights, privileges, or immunities secured by the Constitution or the laws of the United States.  *Moore v. Cumberland County Bd. of Freeholders*,

No. 06-4516, 2006 U.S. Dist. LEXIS 84128, at *4-5 (D.N.J. Nov. 16, 2006) (citing West v.

Atkins, 487 U.S. 42, 48, 1988)).

In light of this standard, Plaintiff appears to present a cognizable claim.  Plaintiff claims

that the defendant police officers violated his civil rights.  With respect to the first threshold

inquiry, there appears to be no doubt that Defendants' actions were committed under color of

state law.  At the time of the incident in question, the defendant police officers "were on routine

patrol" in New Brunswick when they saw a man who resembled the subject of an arrest warrant

enter a residence at 91 Throop Avenue.  (Compl. Ex. 2 at 4: 16-21.)  The officers then knocked

on the door of the residence, telling the female who answered that they were looking a Caprice

Wright.  (Compl. Ex. 2 at 4:22-24.)  The officers thereafter entered a bathroom, again looking for

Caprice Wright, and discovered Plaintiff disposing of a black plastic bag in the garbage.  There is

no indication that the officers were acting other than under the color of state law.

With respect to the second requirement, the trial court in the underlying criminal action

ruled to suppress the evidence found in the bag, noting that there was not probable cause for the

search because the bag in which the contraband was discovered was not suspected of criminality,

nor was it in plain view.  The Honorable Deborah J. Venezia, J.S.C., specifically found that "the

tossing of the bag into the garbage pail either alone or in combination with the defendant's

statement and the police officer's observations does not rise to the level of any reasonable and

articulable suspicion of criminal activity or probable cause to believe that the defendant was

involved in a criminal offense."  (Compl. Ex. 2 at 6: 12-18.)  Further, Judge Venezia stated that

the "officers did not supply any basis for believing [the bag] to be [suspect of evidence of

criminality] and, therefore, the retrieval and searching of [the bag] without cause when

-4-

considered as well along with the totality of the circumstances is clearly unsupported." (Compl. Ex. 2 at 7: 5-9). Consequently, this Court is satisfied that Plaintiff's claims have "some arguable merit in law and fact" and will proceed to the Tabron post-threshold analysis.

**2.      Application of the *Tabron* post-threshold factors**

**(i)      the Plaintiff's ability to present his own case.**

In *Montgomery*, the Third Circuit offered the following guidance to district courts considering the first of the *Tabron* post-threshold factors:

> We have identified a number of factors that courts should consider in determining a plaintiff's ability to present her own case. These include 'the plaintiff's education, literacy, prior work experience, and prior litigation experience,' along with a 'plaintiff's ability to understand English ...[and] the restraints placed upon [a prisoner plaintiff] by confinement.' [internal citations omitted]

*Montgomery*, 294 F.3d at 501.

While Plaintiff is literate, and has attained a G.E.D., he remains incarcerated in South Wood State Prison. This confinement presents restrictions on Plaintiff's ability to adequately prosecute his claim due to his inability to access research, typewriters, computers, etc., *See Tabron*, 6 F.3d at 156. Moreover, his submissions to date do not reflect a familiarity with the law or any prior experience with civil practice. Accordingly, this factor weighs in favor of the appointment of counsel.

**(ii)      the complexity of the legal issues.**

Where the legal issues involved in a case are complex in nature, the district court should exercise its discretion to appoint counsel. *Id.* Allegations concerning violation of constitutional privileges require skilled research and analysis of complex legal issues, terminology, and

applicable case precedent.  Consequently, the Court finds that this factor weighs in favor of the appointment of counsel.

      **(iii)    the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation**

The third *Tabron* post-threshold factor considers "a prisoner's inability to gather facts relevant to the proof of his claim." *Montgomery*, 294 F.3d at 503.  To prove the claims raised in his complaint, Plaintiff will likely need to depose both Defendant Oels and Defendant Langan who allegedly violated Plaintiff's civil rights.  Because the Court is satisfied that Plaintiff will not be able to conduct this factual investigation from the confines of South Wood State Prison, this factor also weighs in favor of appointment of counsel.

      **(iv) the amount a case is likely to turn on credibility determinations**

District courts should find this *Tabron* post-threshold factor in favor of appointment of counsel where the case will become a "swearing contest." *Parham*, 126 F.3d at 460.  There is nothing before this Court to indicate that this is such a case.  Accordingly, this factor does not weigh in favor of the appointment of counsel.

      **(v)    whether the case will require the testimony of expert witnesses**

While appointed counsel may be warranted where a case requires testimony from expert witnesses, there is no indication that expert testimony will be needed to address the issues in this case.  Thus, this factor does not weigh in favor of the appointment of counsel.

      **(vi)    whether the plaintiff can attain and afford counsel on her own behalf**

The Third Circuit found this factor weighing in favor of the appointment of counsel where the District Court approved the plaintiff's application to proceed IFP and there were no

-6-

facts to suggest any change in the incarcerated plaintiff's financial status.  *Montgomery*, 294 F.3d at 505.  Because Plaintiff's application presents identical circumstances, this Court also finds this factor to weigh in favor of the appointment of counsel.

## IV.  CONCLUSION

Where, as is the case here, "a plaintiff's case appears to have merit and most of the aforementioned factors have been met, courts should make every attempt to obtain counsel. *Parham*, 126 F.3d at 461.  Accordingly, Plaintiff's application for the appointment of *pro bono* counsel is **GRANTED**.  The Clerk is hereby directed to appoint *pro bono* counsel.  A scheduling order will not issue until counsel is appointed.

s/ Esther Salas
**HONORABLE ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**