NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

PERCY LEE ADAMS, JR.,       :
                      :
                      :     **Civil Action No. 08-593 (PGS)**
        **Plaintiff,**     :
                      :
**v.**                      :
                      :
**WILLIAM OELS, III, et al.**     :     **OPINION**
                      :
                      :
        **Defendants.**   :
                      :

Pending before this Court is a motion by Plaintiff Percy Lee Adams ("Plaintiff") to amend his complaint to add two new defendants and to clarify the claims previously asserted (Docket Entry No. 27). Having considered the parties' submissions, the Court **GRANTS** the motion.

## I.      PROCEDURAL BACKGROUND

On January 30, 2008, Plaintiff, acting pro se, filed a complaint against Officers William Oels, III and John Langan and the New Brunswick Police Department (the "Police Department") (collectively the "Defendants") alleging that Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights when Officers Oels and Langan unlawfully searched and arrested Plaintiff without reading him *Miranda* rights. (*See* Docket Entry No. 1, the "Complaint" at pgs. 6-9). Plaintiff further alleged that the New Brunswick Police Department is responsible for Officer Oels and Langan's unlawful actions because the Department trained and employed the Officers and "should have been aware" of their "illegal actions." (*See id.* at p. 9). Plaintiff drafted his civil rights complaint while incarcerated, without legal counsel or factual discovery. *See* Letter in support of

Plaintiff's Motion for Leave to Amend the Complaint ("Pl. Letter") at 2.

On March 31, 2009, the Court granted Plaintiff's application for pro bono counsel and on May 7, 2009 appointed Robert G. Rose, Esq. to represent Plaintiff.  (Docket Entry Nos. 13, 20). Plaintiff thereafter sought consent to amend the Complaint to include Joseph Catanese, then Director of the New Brunswick Police Department as a defendant and to change the Police Department to the City of New Brunswick.  Because Defendants did not consent to Plaintiff's request, Plaintiff sought permission to file a motion for leave to amend the complaint. (Docket Entry No. 27).  The Court set a deadline of September 30, 2009 for Plaintiff to file his motion, which Plaintiff subsequent filed on September 29, 2009.  (Docket Entry Nos. 25 & 26).  At the time of the filing of this motion, fact discovery had just begun and no trial date had been set.  (Docket Entry No. 25).

Plaintiff seeks leave to amend his Complaint to (1) replace the New Brunswick Police Department with the City of New Brunswick (the "City") as a defendant; (2) add Joseph Catanese, then Director of the New Brunswick Police Department, as a defendant (collectively the "Proposed Defendants") and (3) add facts to clarify Plaintiff's previously plead allegations.  *See* Pl. Letter at 5.  As a basis for adding the Proposed Defendants, Plaintiff alleges that they negligently hired, trained and supervised Officers Oels and Langdon in contravention of 42 U.S.C. § 1983.

Defendants oppose the addition of the new defendants on the basis of futility, arguing that the statute of limitations for negligent hiring or supervision claims against the Proposed Defendants has expired.  *See* Defendants' Letter dated October 14, 2009 ("Def. Opp.") at 1, 3.  Defendants do not oppose the clarification of the previously plead allegations.   As such, the Courts grants the motion with respect to the clarified allegations.  The Court will evaluate the addition of the two defendants against the equitable and legal considerations underpinning Fed. R. Civ. P. 15.

## II.     FACTUAL ALLEGATIONS

Taking the allegations in the Complaint as true, on September 30, 2006, Officers Oels and Langan unlawfully arrested Plaintiff while he was inside a friend's residence in New Brunswick, New Jersey. (*See* Complaint at p. 12)  Officers Oels and Langan allegedly handcuffed and arrested Plaintiff without reading him his *Miranda* rights or informing him why he was being arrested. (*See id.*).  Morevoer, Officers Oels and Langan allegedly did not have a search warrant for the residence or an arrest warrant for Plaintiff and lacked probable cause to arrest Plaintiff.  (*Id.* at p. 12-13).

Subsequently, Defendants initiated criminal proceeding against Plaintiff and prosecuted the charges for six months until they were voluntarily dismissed.  (*See* Docket Entry No. 27-2, Proposed Amended Complaint ("Pr. Am. Compl.") at ¶¶ 16, 17).  Thereafter, Plaintiff brought suit alleging that Officer Oels and Langan and the Police Department violated his Fourth and Fourteenth Amendment rights.  (*See generally* Complaint).

## III.     LEGAL ANALYSIS

### A.     Fed. R. Civ. P. 15

Fed. R. Civ. P. 15(a) allows a party to amend its pleading by leave of court when justice so requires.  Leave to amend pleadings is to be freely given.  Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  The decision to grant leave to amend rests within the discretion of the court.  *Foman*, 371 U.S. at 182.  Pursuant to *Foman*, leave to amend may be denied on the basis of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; and (4) futility of amendment.  *Id.*  "Only when these factors suggest that amendment would be 'unjust' should the court deny leave."  *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006) (internal citations omitted).  Pro se plaintiffs should be granted even greater leniency to amend their

-3-

complaints. *Johns v. Nunn*, Civ. A. No. 04-0624, 2005 U.S. Dist. LEXIS 28906, at *8 (D.N.J. Nov. 17, 2005). The Court, without becoming an advocate, should seek to ensure that a pro se Plaintiff's claims are adjudicated on the merits, and not on technicalities. *Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 555 (7th Cir. 1996). Particularly in the case of civil rights claims, liberal amendment of complaints should be allowed. *Rotolo v. Borough of Charleroi*, 532 F.2d 920, 923 (3d Cir. 1976) (overruled on other grounds). Here, Defendants oppose the addition of the Proposed Defendants on the basis of futility, arguing that the statute of limitations has expired. *See* Defendants' Letter dated October 14, 2009 ("Def. Opp.") at 1.

An amendment is considered futile if it advances a claim or defense that is legally insufficient on its face. Courts may properly deny a motion to amend when the amendment would not withstand a motion to dismiss. *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983). With respect to futility, "[it is] clear that an amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)); *see also Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (reasoning that an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face" (citations and quotations omitted)). As such, "[i]n assessing futility, the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Burlington*, 114 F.3d at 1434 (citing *Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir. 1996)) (further citation omitted)). The Court therefore must accept all factual allegations as true "as well as the reasonable inferences that can be drawn from them." *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 796 (3d Cir. 2001).

**B.      Futility**

Defendants argue that Plaintiff's Proposed Amended Complaint is futile because the two year

statute of limitations applicable to the claims against the Proposed Defendants has already run.   *See*

Def. Opp. at 1, 3.   Furthermore, Defendants argue that the Court should not amend the claims back

to the original, timely pleading, pursuant to Fed. R. Civ. P. 15(c).   *See id.* at 3.   Plaintiffs do not

dispute that the two year statue of limitations applies to the claims, but argue that the claims against

the Proposed Defendants should be amended back and considered timely.   *See* Plaintiff's Letter dated

October 19, 2009 ("Pl. Reply") at 6.   In essence, Plaintiff contends that he misidentified the New

Brunswick Police Department as the proper defendant instead of the City of New Brunswick and

lacked sufficient information to name Mr. Catanese as a defendant.   *See id.*

Federal Rule of Civil Procedure 15(c)(1)(C) states that an amended pleading relates back to

the original pleading if the proposed Defendant "(i) received such notice of the action that it will not

be prejudiced in defending on the merits; and (ii) knew or should have known that the action would

have been brought against it, but for a mistake concerning the proper party's identity."   Defendants

argue that amendment back is not appropriate because (1) the original claims do not relate to the

Proposed Defendants and (2) the Proposed Defendants did not know, nor could they have known,

that they would have been named defendants but for a mistake.   *See* Def. Opp. at 3.   Defendants

contend that the claims against the Proposed Defendants are new claims, unrelated to the false arrest

and malicious prosecution claims originally plead.   *See id*.

**i.      Fed. R. Civ. P. 15(c)(1)(C)(i)**

As to Fed. R. Civ. P. 15(c)(1)(C)(i), the Court finds that the Proposed Defendants received

notice of Plaintiff's action such that they would not be prejudiced in defending on the merits.   While

not perfectly plead in Complaint, Plaintiff attempted to plead a claim for negligent supervision and negligent training against the Police Department and the Defendant Officers' supervisor by stating "[t]heir Supervisor should have been aware of the officers illegal actions" because "both officers received their training from the New Brunswick Police Department."  *See* Complaint at p. 9. Defendants do not argue that the Proposed Defendants did not have notice of these claims and plain reading of the Complaint belies any other conclusion.   Accordingly, Plaintiff satisfies this section of the Rule.

### ii.    Fed. R. Civ. P. 15(c)(1)(C)(ii)

The Court also finds that Plaintiff satisfied the requirement of Fed. R. Civ. P. 15(c)(1)(C)(ii) that the Proposed Defendants should have known the action could have been brought against them but for Plaintiff's mistake concerning the proper party's identity.  The "mistake" requirement in Rule 15(c) "should clearly not be read to limit its usefulness to cases of misnomer" and may be either a mistake of law or fact.  3 Moore's Fed. Prac. (4.-2) at 15-231 n.4.  A legal mistake is committed when the plaintiff fails to understand the legal requirements of his claim.  *See Soto v. Brooklyn Correctional Facility*, 80 F.3d 34, 35-6 (2d Cir. 1996).   Furthermore, the Third Circuit has acknowledged that lack of knowledge may constitute a mistake for purposes of 15(c).  *See Arthur*, 434 F. 3d. at 208-09.  The language of Rule 15(c) does not differentiate between types of mistakes, and thus mistakes due to lack of knowledge also satisfy the requirement.  *See Leonard v. Parry*, 219 F.3d. 25, 29 (1st Cir. 2000).

As a general matter, Plaintiff's claims against the Proposed Defendants are not "wholly new claims" as Defendants urge.  Def. Opp. at 3.  The Complaint asserted that the training received by Officers Oels and Langan led to the constitutional violations he suffered.  *See* Complaint at p. 9.  As

the parties who were allegedly responsible for setting the policies and practices that police officers are to follow in carrying out their duties, the City and Director Catanese "should have been aware" that but for Plaintiff's mistake in drafting the Complaint, they would have been named as defendants.

### a.   City of New Brunswick

In addition to filing claims against Officers Oels and Langan, Plaintiff also alleged that the Police Department negligently trained and employed Defendants Oels and Langan. *See* Complaint at p. 9. The City not only should have known that an action *could* have been brought against it in place of the Police Department for violations of 42 U.S.C. § 1983, Policy, Practice or Custom Causing Constitutional Harm, but it should have known that an action *should* have been brought against it. Indeed, "public officials are charged with the knowledge that they are the appropriate targets of § 1983 suits." *Donald*, 95 F.3d at 557. Moreover, Plaintiff could *only* have filed against the City, and not the Police Department, as the City is a "person" liable under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 690 (1978). Thus, the City could not have been surprised that, with the aid of counsel, Plaintiff had realized his error in naming the Police Department instead of the City as a defendant.

Plaintiff committed a mistake of law under Rule 15(c) when he named the New Brunswick Police Department as a Defendant instead of the City of New Brunswick. A police department cannot be liable under 42 U.S.C. § 1983 for a policy or custom that violated the Plaintiff's constitutional rights; however, a municipality is a such a liable "person" under § 1983. *See Monell,* 436 U.S. at 690. In suing the Police Department, who is not a proper party to a § 1983 claim, Plaintiff clearly failed to understand the legal requirements of his claim and thus committed a mistake of law. *See Soto,* 80 F.3d. at 35; *see also Urrutia v. Harrisburg County Police Dep't,* 91

F.3d. 451, 457-8 (3d Cir. 1996).

Moreover, when the original defendant and proposed defendant have a "close identity of interests," the mistake requirement of 15(c) is satisfied. *See Johnson v. Goldstein*, 850 F. Supp. 327, 330 (E.D.Pa. 1994). In *Wine v. EMSA Ltd. Partnership*, the Court found that the Delaware County Board of Inspectors (the proposed defendant) had such a close identity with the Delaware County Prison (the originally pled defendant) that it should have known that the plaintiff's failure to name the Board as a defendant was a mistake. 167 F.R.D. 34, 39 (E.D.Pa. 1996) (motion denied on other grounds). Thus, the Plaintiff's amended § 1983 claim satisfied Rule 15(c). *Id.* The same rationale applies here. The City of New Brunswick allegedly operates and is responsible for the Police Department and its officers. *See* Pr. Am. Compl. at ¶¶ 60 - 62. Thus, their "close identity of interests" also satisfies the "mistake" requirement of 15(c). Accordingly, Plaintiff has satisfied the requirements of Rule 15(c) in regards to proposed Defendant City of New Brunswick.

### b.    Defendant Cantanese

Plaintiff's failure to name Director Catanese as a Defendant in this litigation was also a mistake in accordance with Rule 15(c). Rule 15(c) permits adding parties. *See Arthur*, 434 F.3d at 209 (3d Cir. 2006). The "mistake" requirement of Rule 15(c) when adding parties, as when changing parties, should not be limited to a certain type of mistake. *Taliferro v. Costello*, 467 F.Supp. 33, 1, 8 (E.D. Pa. 1979) ("Where an amendment seeks to add a new Defendant, this [mistake] aspect of Rule 15(c) seems designed to insure that, prior to the expiration of the limitation period, the new Defendant knew (or should have known) that his joinder was a distinct possibility.").

Plaintiff's complaint, in its allegation against the Police Department, alleges a failure by the Police Department's "Supervisor" that led to the alleged violation of Plaintiff's rights. *See*

Complaint at 9.  Whether the Plaintiff did not specifically name Director Cantanese as a Defendant because he lacked knowledge of his name, or because he was unaware that separate claims against the Police Department and the Director were legally possible, is unknown.  In either situation, Plaintiff committed a mistake under Rule 15(c).  There can be little doubt that, with the aid of counsel, Plaintiff would have named Catanese as a Defendant in the original complaint. The Complaint demonstrates his belief that the "Supervisor" of the Police Department was partly at fault for the events that caused his injuries.  In *Kinnally v. Bell of Pa.*, the Court allowed a pro se Plaintiff to amend her complaint to add new parties because "she made a mistake by not listing individual parties who could technically have been included as defendants.  This court will allow her to correct such mistakes provided that her amended pleadings sufficiently relate back . . . . "  748 F. Supp. 1136, 1142 (E.D. Pa. 1990).  Similarly, this Court will allow Plaintiff, who stated his allegations against the Police Department's "Supervisor" in his complaint, to correct his mistake of not naming former Director Catanese as a defendant. Accordingly, Plaintiff has satisfied the requirements of Rule 15(c) in regard to Defendant Catanese.

# IV .   CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's Motion to Amend the Complaint. The Court will issue an appropriate Order.

s/ Esther Salas
**ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**